# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2010

No. 09-30779
Summary Calendar

Lyle W. Cayce
Clerk

JAMES SAMUEL FELKNOR,

Plaintiff - Appellant

v.

FEDERAL EXPRESS; TERRY WILLIS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1095

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Samuel Felknor ("Felknor"), proceeding pro se, sued Federal Express and Terry Willis ("Appellees") for violations of the United States Constitution and the Americans with Disabilities Act. Felknor amended his complaint to add a claim under the Fair Housing Act. Appellees moved for summary judgment, which the district court granted. Felknor now appeals.

In late March of 2007, Willis, a FedEx delivery truck driver, attempted to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deliver a package to "M. Felknor" in Plain Dealing, Louisiana. The intended recipient of the package was Felknor's daughter-in-law, Marcie Felknor. Willis was unable to find the recipient's home for three days, but eventually noticed a mailbox with the name "Felknor" printed on the side. Willis stopped, knocked on the door, and asked the man who answered (Felknor) if he knew an "M. Felknor." The man stated that Matt Felknor was his son and that he would be happy to sign for the package and give it to his son.

The next morning, FedEx received a complaint that the package had been delivered to the wrong address. When Willis returned to Felknor's home to retrieve the package, Felknor refused to return it. Felknor stated that, because he signed for the package, it was his responsibility and that he wanted his son to come by and retrieve it. Unsure how to proceed, Willis called his manager and was instructed to leave Felknor's residence and continue his route. That was the last time either Willis or any other FedEx employee had any contact with Felknor or the package.

Having reviewed the record and the parties' arguments, we conclude that the facts alleged by Felknor simply do not support a cognizable claim under 42 U.S.C. § 1983, the Americans with Disabilities Act, or the Fair Housing Act. Felknor's claims and this appeal are without merit. Accordingly, we affirm the district court's judgment, essentially for the reasons stated therein. *Felknor v. Federal Exp.*, No. 5:08-CV-1095, 2009 WL 2524861 (W.D. La. Aug. 17, 2009).